**Branko BLASKOVIC; Vesna Blaskovic; Hrvoje Blaskovic, Petitioners,**

v.

**John ASHCROFT, Attorney General Respondent.**

No. 02–73972.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided May 4, 2004.

Quentin M. Rhoades, Missoula, MT, for Petitioners.

Quentin M. Rhoades, Missoula, MT, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, MOH–District Counsel, Office of the Deputy Chief Counsel, Helena, MT, Richard M. Evans, Esq., Timothy P. McIlmail, Blair T. O'Conner, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal, San Francisco, CA, MOH-District Counsel, Helena, MT, Richard M. Evans, Esq., Timothy P. McIlmail, Blair T. O'Conner, Washington, DC, for Respondents.

Before: LEAVY, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM *

Branko Blaskovic, his wife, and their son petition for review of the Board of Immigration Appeals' (BIA) summary affirmance without opinion of an Immigration Judge's denial of their applications for asylum and withholding of deportation. Mr. Blaskovic, the lead petitioner, is a native and citizen of Croatia. The claims of his wife and son are derivative of his application. Because the BIA did not perform an independent review, we review the IJ's decision. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

Because the parties are familiar with the factual and procedural history of this case, we will not recount it except as necessary.

A. *Suspension of deportation*

The Immigration Judge determined:

The respondents were found to be ineligible for suspension of deportation under § 244(a)(1) because they had not been continuously physically present in the United States when the OSC [Order to Show Cause] was issued. They had resided in Canada from 1995 to 1999.

We lack jurisdiction to consider the Blaskovics' challenge to the Immigration Judge's determination because they failed to raise this issue before the BIA. *See* 8

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). In their appeal to the BIA, the Blaskovics emphasized their struggle to obtain asylum in the United States and in Canada. Even construed broadly in favor of these pro se petitioners, their brief cannot be interpreted to have presented a claim for eligibility for suspension of deportation.

B. *Asylum*

Substantial evidence supports the IJ's determination that the Blaskovics did not establish past persecution or a well-founded fear of persecution if they returned to Croatia. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1029 (9th Cir.2000). Although they testified credibly regarding the mistreatment of persons of mixed ancestry in Croatia, the evidence does not compel us to conclude that this mistreatment rises to the level of persecution personally directed at them. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998). Because the Blaskovics failed to meet the standard for asylum, they also fail to meet the higher standard for withholding of removal. *Rivera–Moreno v. INS,* 213 F.3d 481, 487 (9th Cir. 2000).

C. *Conclusion*

The petition for review is dismissed as to petitioners' claim of eligibility for suspension of deportation. The petition for review is denied as to petitioners' claim of eligibility for asylum and withholding of deportation.

PETITION DISMISSED IN PART AND DENIED IN PART.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.